# Supreme Court of Florida

_____

No. SC20-1668
_____

## IN RE: CERTIFICATION OF NEED FOR ADDITIONAL JUDGES.

December 3, 2020

PER CURIAM.

This opinion fulfills our constitutional obligation to determine the State's need for additional judges in fiscal year 2021/2022 and to certify our "findings and recommendations concerning such need" to the Florida Legislature.[1] Certification is "the sole mechanism established by our constitution for a systematic and

---

1. Article V, section 9 of the Florida Constitution provides in pertinent part:

> **Determination of number of judges.**—The supreme court shall establish by rule uniform criteria for the determination of the need for additional judges except supreme court justices, the necessity for decreasing the number of judges and for increasing, decreasing or redefining appellate districts and judicial circuits. If the supreme court finds that a need exists for increasing or decreasing the number of judges or increasing, decreasing or redefining appellate districts and judicial circuits, it shall, prior to the next regular session of the legislature, certify to the legislature its findings and recommendations concerning such need.

uniform assessment of this need." *In re Certification of Need for Additional Judges*, 889 So. 2d 734, 735 (Fla. 2004).

*In re Certification of Need for Additional Judges*, 287 So. 3d 489 (Fla. 2019), last year's opinion, certified the need for two additional circuit court judgeships in the Ninth Judicial Circuit, one additional circuit court judgeship in the First Judicial Circuit, one additional circuit court judgeship in the Fourteenth Judicial Circuit, four additional county court judgeships in Hillsborough County, one additional county court judgeship in Orange County, and one additional county court judgeship in Lee County. In that opinion, we also decertified the need for two county court judgeships in Brevard County, one county court judgeship in Monroe County, and one county court judgeship in Collier County.

The Legislature authorized the ten additional trial court judgeships, as certified, in the Florida Statutes[2] and appropriated funding in the fiscal year 2020/2021 General Appropriations Act[3] for them, as well as for complementary staff support positions. The Governor approved the statutory changes[4] but vetoed

---

2. Fla. HB 5301, §§ 1-2 (2020) (enrolled) (amending section 26.031, Florida Statutes, to authorize the four circuit court judgeships, and section 34.022, Florida Statutes, to authorize the six county court judgeships).

3. Fla. HB 5001, § 7, at 414, 417 (2020) (enrolled) (provisos accompanying specific appropriations 3222, 3224, 3236, 3238, 3240, and 3246).

4. Ch. 2020-112, §§ 1-2, Laws of Fla. In his letter to the Secretary of State transmitting his approval of the legislation, the Governor stated, "I simply do not believe that it is fiscally prudent to employ the additional judges at this time. However, by signing HB 5301, we will preserve the establishment of these

the funding due to statewide budget concerns stemming from the Coronavirus Disease 2019 (COVID-19) pandemic.[5]  The Florida Supreme Court asks that the Legislature again fund those judgeships in the fiscal year 2021/2022 General Appropriations Act.

The ten new judgeships authorized during the 2020 legislative session but for which the funding was vetoed were considered to be in existence for purposes of conducting the analysis in support of this year's certification opinion.  In this opinion we are certifying the need for one additional circuit court judgeship in the Fourteenth Judicial Circuit, two additional county court judgeships in Hillsborough County, and no additional judgeships in the district courts of appeal.  We decertify no district court, circuit court, or county court judgeships.

To make this decision, the Court continues to use a verified objective weighted caseload methodology as a primary basis for assessing judicial need.[6] The objective data are supplemented by judgeship requests submitted by the lower courts, including descriptions of the impact of various secondary factors.  These secondary factors identified by each chief judge reflect local differences in support

additional judgeships with the hope that they can be funded as the state budget outlook improves."  Letter from Governor Ron DeSantis to Secretary of State Laurel M. Lee (June 29, 2020).

5.  Ch. 2020-111, § 7, Laws of Fla.

6.  Our certification methodology relies primarily on case weights and calculations of available judge time to determine the need for additional trial court judges.  *See* Fla. R. Jud. Admin. 2.240.

of their requests for more judgeships or in support of their requests for this Court not to decertify judgeships in situations where the objective case weights alone would indicate excess judicial capacity. Applying the criteria in this two-step methodology, we conclude that the Fourteenth Judicial Circuit has a demonstrable need for an additional circuit court judgeship and Hillsborough County has a demonstrable need for two additional county court judgeships. Considered in isolation, the two-step analysis also suggested the decertification of two county court judgeships in Brevard County and one county court judgeship each in Alachua, Collier, and Monroe counties. However, the Court determines that the secondary factor analysis, coupled with recent statutory amendments and other relevant circumstances further explained below, militates against decertification of any trial court judgeships.

Our evaluation of these matters takes into account developments in the way our courts perform their duties that are not currently captured by the weighted caseload methodology. We also consider recently adopted legislation and rule changes that could have a significant impact.

A number of issues require additional study, review, and consideration because they portend additional workload or limit our ability to accurately project judicial need. In particular, the impact of the COVID-19 pandemic in the circuit and county courts has been substantial. Indeed, the pandemic has placed

extraordinary strains on our trial courts.  In response to the limitations imposed by the public health crisis, trial courts have been proactive in adapting court operations, including using technology to conduct proceedings remotely and help keep the work of the courts progressing.  Despite the innovative steps, a significant increase in pending workload is anticipated as the courts fully return to normal operations.  The additional caseload is attributed to:  proceedings, such as jury trials, in existing cases that necessarily were suspended or delayed to protect public health and safety; cases the courts anticipate but that are delayed in filing due to the onset of the pandemic; and new cases stemming from the public health emergency itself or from pandemic-related economic conditions.  As reflected in the State Courts System's fiscal year 2021/2022 legislative budget request, the Trial Court Budget Commission has identified the need for temporary adjudicatory and case support resources to address this workload.  This approach is similar to the approach used during the foreclosure crisis, in which the court system requested, and the Legislature appropriated, funding for temporary resources such as case managers and senior judges to address the mounting caseload.  Likewise, all available existing judicial resources will be needed to contribute to the pandemic-recovery effort.  In these circumstances, we are loath to recommend the elimination of any judicial positions.

Another issue requiring consideration, because it influences this Court's ability to accurately project judicial need, is the monetary jurisdiction change in county court. Chapter 2019-58, section 9, Laws of Florida, increased the dollar amount threshold for the jurisdiction of the county court. The Legislature took a phased approach to the implementation of this statutory revision. Effective January 1, 2020, county court monetary jurisdiction increased from an upper limit of $15,000 to $30,000, and it is scheduled for a second increase to $50,000 on January 1, 2023. The jurisdictional increase in county court can reasonably be expected to increase workload in the county courts and decrease workload in the circuit courts. However, the jurisdictional change largely coincided with the onset of the COVID-19 pandemic and an associated decrease in overall court filings. Thus, it is not yet possible to determine precisely how these statutory revisions will affect workload among the tiers of court.

Similarly, chapter 2020-61, sections 3 and 8, Laws of Florida, transfers circuit court authority to hear appeals from county court final orders and judgments in criminal misdemeanor cases and most civil cases to the district courts of appeal. (The law did not amend all instances of statutory circuit court appellate authority, and the circuit courts, therefore, will continue to have appellate jurisdiction for certain administrative decisions and certain county court decisions entered in noncriminal infraction and other cases.) These changes regarding appellate review

will affect the respective distribution of judicial workload between the circuit and appellate courts when the law becomes effective on January 1, 2021.

In addition to the uncertainty surrounding effects of the COVID-19 pandemic and implementation of jurisdictional changes, this Court is reluctant to decertify judgeships while it is anticipated that the Court will be asked to consider revisions to the rules governing its certification analysis. The Court directed its Commission on Trial Court Performance and Accountability to review Florida Rule of Judicial Administration 2.240, Determination of Need for Additional Judges. The review included an assessment of the secondary factors influencing judicial certification to determine if there are areas of inconsistency, overlap, or disjunction between current criteria in the case-weight formula and the unique local differences reported by the chief judges in the secondary factors portion of the evaluation of judicial need. The Commission is expected to file proposed revisions to rule 2.240(c), Florida Rules of Judicial Administration, to supplement the secondary factors prescribed in the rule to include, among other proposed additions, the existence and use of problem-solving courts. The Commission's proposed revisions to the secondary factors reflect concerns that trial court judges have been expressing about a need to review and possibly refine the method for reporting on the increased numbers and types of problem-solving courts

throughout the state and the increased number of cases handled by those problem-solving courts.

Having conducted a quantitative assessment of trial and appellate court judicial workload and having also considered the various qualitative factors, workload trends related to the COVID-19 pandemic, and jurisdictional changes, we certify the need for three additional trial court judgeships in Florida, consisting of one in circuit court and two in county court, as set forth in the appendix to this opinion. We certify no need for additional judgeships in the district courts of appeal. We also recommend no decertification of district court, circuit court, or county court judgeships.

In addition to the certified need for three trial court judgeships described above, we respectfully request the Florida Legislature to again fund last year's ten authorized judgeships. Those judgeships, along with other resources requested through a legislative budget request this year, will assist the judicial branch in meeting demands associated with the pandemic-generated workload and court jurisdictional changes.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

Original Proceeding – Certification of Need for Additional Judges

# APPENDIX
## Trial Court Need

| Circuit | Circuit Court Certified Judges | County | County Court Certified Judges |
|---|---|---|---|
| 1 | 0 | N/A | 0 |
| 2 | 0 | N/A | 0 |
| 3 | 0 | N/A | 0 |
| 4 | 0 | N/A | 0 |
| 5 | 0 | N/A | 0 |
| 6 | 0 | N/A | 0 |
| 7 | 0 | N/A | 0 |
| 8 | 0 | N/A | 0 |
| 9 | 0 | N/A | 0 |
| 10 | 0 | N/A | 0 |
| 11 | 0 | N/A | 0 |
| 12 | 0 | N/A | 0 |
| 13 | 0 | Hillsborough | 2 |
| 14 | 1 | N/A | 0 |
| 15 | 0 | N/A | 0 |
| 16 | 0 | N/A | 0 |
| 17 | 0 | N/A | 0 |
| 18 | 0 | N/A | 0 |
| 19 | 0 | N/A | 0 |
| 20 | 0 | N/A | 0 |
| **Total** | **1** | **Total** | **2** |